IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY ALAN DELFRATE,

       Plaintiff,

v.                                    Case No. 6:16-cv-01235-JTM

NANCY A. BERRYHILL[1],
*Acting Commissioner of Social Security*,

       Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Jeffrey Delfrate seeks review of a final decision by the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act. Plaintiff contends an Administrative Law Judge (ALJ) erred in determining plaintiff's residual functional capacity (RFC) because the ALJ failed to include certain limitations and failed to explain why they were excluded. He also contends the ALJ erred in evaluating his credibility. For the reasons set forth herein, the court concludes that the matter should be remanded to the ALJ for further consideration.

### I. Factual and Procedural Background

On September 30, 2014, plaintiff protectively filed an application for disability insurance benefits, claiming a disability beginning April 23, 2013. The Commissioner denied his claim upon initial review and upon reconsideration. Plaintiff then requested

---

[1] Nancy A. Berryhill became the Acting Commissioner on January 20, 2017, and is substituted for Carolyn W. Colvin as the defendant in this case.

an evidentiary hearing, and on December 1, 2015, he appeared by video and testified before ALJ Alison K. Brookins. The ALJ issued a written decision on February 2, 2016, denying plaintiff's application. The ALJ found that although plaintiff suffered from severe impairments including degenerative disc and joint disease, depression, and post-traumatic stress disorder, he could still perform light work, subject to certain limitations such as avoiding concentration to extreme cold, vibration, and hazardous machinery, and not working with the general public. Relying on the testimony of a vocational expert, the ALJ found that with these limitations, and taking into account plaintiff's age (41 at the time of the application) and experience, plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including small product assembler, electronics assembler, and plastic products assembler. The ALJ thus concluded plaintiff was not disabled within the meaning of the Act. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g).

## II. Legal Standard

Under the Act, the court takes as conclusive the factual findings of the Commissioner so long as they are supported by substantial evidence. 42 U.S.C. § 405(g). The court accordingly looks to whether the factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028

(10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he suffers from a physical or mental impairment which stops the claimant "from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley*, 2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a). The steps are designed to be followed in order. If it is determined at any step of the evaluation process that the claimant is or is not disabled, further evaluation is unnecessary. *Barkley*, 2010 WL 3001753, at *2.

The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of

impairments. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). If the impairment does not meet or equal a designated impairment, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or can generally perform other work that exists in the national economy. *Barkley*, 2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751). The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work. *Lax*, 489 F.3d at 1084. The burden then shifts to the Commissioner at step five to show that, despite the impairments, the claimant can perform other work in the national economy. *Id. See also Boham v. Colvin*, No. 15-1085-JTM, 2016 WL 1298094, at *2 (D. Kan. Mar. 31, 2016).

**III. Analysis**

Plaintiff contends a remand is required because the ALJ gave "some weight" to a May 2015 functional capacity evaluation (FCE) prepared by Dr. Jay Kennedy but failed to adopt certain limitations indicated in the report and failed to explain why they were rejected. In particular, the evaluation found that plaintiff could occasionally stand or walk at work and recommended that he use frequent position changes, job rotation, and stretch breaks when performing tasks that required prolonged standing or walking.

4

Dkt. 8, Tr. at 1428. It additionally found that plaintiff had decreased grip strength and below average coordination in his left hand and recommended similar accommodations for this impairment.  *Id*. at 1429.

At the outset of the evidentiary hearing before the ALJ, plaintiff's counsel made only one argument. He did not dispute that plaintiff could perform a restricted range of light work, but he noted that the May 2015 FCE said plaintiff would need to frequently alternate positions and take rest breaks, and that "in order to perform work with his hands he would need frequent rest breaks, as well as he would need to alternate which hand he's using on a regular basis to perform the job. When you combine those, the need for frequent rest breaks, frequent alternation, and the changing in which hand he needs to use [sic] throughout the day to perform the job, in addition to the solitary environment, I believe that those limitations would preclude all work at step 5." Dkt. 8 at 52.

Although the ALJ gave "some weight" to this FCE and explained that some of its "occasional" limitations on postural maneuvers were changed to "frequent" because plaintiff's pain complaints were "less credible" than the report indicated (Dkt. 8 at 35), the ALJ did not otherwise address the report's findings. The FCE reported that plaintiff has "limitations in strength: grip/pinch strength" and below average coordination in his left hand, and it recommended he be allowed to use a variety of positions, alternate hands, rotate job tasks, and take frequent rest breaks when using his hands. The significance of these deficits and recommendations is not entirely clear, but they could be important given the ALJ's finding that plaintiff could perform various assembly jobs.

5

The court notes there was some additional evidence of plaintiff's limited ability to use his left hand, including "radiculopathy … indicated in the left arm" (Dkt. 8 at 32), "'mild' ulnar neuropathy at the left elbow" (*Id*. at 33), and subjective complaints of "loss of dexterity and strength in the left hand" (*Id*.). Under the circumstances, the ALJ was obligated to at least address the FCE's findings concerning plaintiff's use of his hands, in connection with evidence of his other impairments, and to give some explanation why those findings were not adopted or were not significant enough to be included in the RFC. The same is true with respect to the FCE's finding that plaintiff was limited to occasional standing and/or walking, which the opinion did not address. Of course, the ALJ was not obligated to accept the findings, but they should at least be addressed. *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (ALJ required to consider every medical opinion and to give specific, legitimate reasons for rejecting them); 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive").

The Commissioner argues that the ALJ adequately addressed these matters elsewhere in the opinion and that the decision should be affirmed "even if technically imperfect." Dkt. 14 at 9. It is true that the ALJ elsewhere rejected plaintiff's "subjective allegations, such as difficulty even using silverware" because they did not correspond to objective findings. Dkt. 14 at 8. The ALJ also found that an EMG in November 2015, which showed a "mildly reduced" left ulnar signal, was "so limited that the claimant's allegations of problems with the use of his hands, including problems using silverware, do not appear particularly credible." But the ALJ never addressed the findings on hand

6

function in the FCE, which were not based upon plaintiff's subjective complaints of pain. Nor did the ALJ address the FCE finding that plaintiff was limited to occasional standing or walking. Moreover, the ALJ found the FCE to be "generally consistent with exam findings."

Plaintiff correctly points out that in such circumstances, regardless of whether it might be possible to cobble together support for the result from other parts of the ALJ's opinion, the matter is best left for the ALJ to clarify upon remand by addressing the findings of the FCE. *Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011). In so finding, the court rejects the Commissioner's invitation to dismiss the ALJ's oversight as harmless error by determining whether the jobs identified by the ALJ would be precluded by the limitations indicated in the FCE. That sort of fact finding is a task best suited for the ALJ upon remand. *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004) ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

Because the court finds that a remand is required to allow the ALJ to address the FCE's findings, the court need not address plaintiff's additional argument concerning evaluation of plaintiff's credibility. The ALJ will have to reassess plaintiff's credibility in light of the additional findings made upon remand.

The court expresses no opinion here on the merits of plaintiff's disability claim. The matter is remanded only to assure that the correct legal standards are applied in

reaching a decision on the claim. *See Angel v. Barnhart*, 329 F.3d 1208, 1214 (10th Cir. 2003).

**IT IS THEREFORE ORDERED** this 3rd day of March, 2017, that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

s/   J. Thomas Marten
Chief United States District Judge

8